UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES LEE DEWEY, III, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-521-JD-JEM |
| OFFICER IRVIN, | |
| Defendant. | |

OPINION AND ORDER

Charles Lee Dewey, III, a prisoner without a lawyer, filed a complaint about an issue he had with the dinner he was provided on November 10, 2024, at the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dewey alleges that on November 10, 2024, he did not receive a spoon or other utensil with his dinner. He reported it to Officer Irvin, but the officer refused to provide him with one. Officer Irvin instead told him to use someone else's when they were done or to rip a piece of styrofoam out of the trash and use it as a spoon. Dewey refused to do either, finding those options as unsanitary and unacceptable. Officer Irvin then offered

him a dirty used spoon, which Dewey also declined. Finally, Officer Irvin came with a clean spoon. But at this point Dewey's food was cold. He asked for fresh food, stating he's entitled to one warm meal a day. But Officer Irvin ignored him and shut the door in his face. Dewey alleges he then cried, humiliated, and ate his cold food. He sues Officer Irvin for the stress and depression he caused by denying him a utensil and wholesome food in violation of his constitutional rights.

When this incident happened, Dewey had already been sentenced on one of his criminal cases. *See State v. Dewey*, No. 02D05-2012-F1-000024 (Allen Super. Ct. decided Sept. 6, 2024) (sentenced on September 6, 2024). This means that the Eighth Amendment standards applicable to convicted prisoners governs this case. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). In order for a prison official to be liable under the Eighth Amendment, an objective and subjective element must be satisfied. First, "the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Second, the plaintiff must show that the prison official acted with deliberate indifference—the official was subjectively aware of an excessive risk to an inmate's health or safety and consciously disregarded it. *Id*. at 839.

Dewey's complaint about inadequate utensils do not state a claim. A one-time denial of a clean spoon does not deny Dewey the minimal civilized measure of life's necessities. Plus, Officer Irvin eventually brought him a clean spoon. The fact that Dewey's food was cold by then does not turn this into a constitutional violation.

"Prisoners have a right to adequate food, but not to food that is tasty or even appetizing." *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004) (internal citations omitted). The Seventh Circuit has previously held "complaints about cold and poorly-prepared food" does not "offend contemporary standards of decency" and therefore does not meet the objective prong of an Eighth Amendment claim. *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994). Dewey's complaints here fall short of the extreme deprivations necessary to state an Eighth Amendment claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Dewey's complaints here are so far from a constitutional violation that the court sees no way in which additional facts could bring them within the ambit of the Eighth Amendment. Allowing him to replead would be futile.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on April 29, 2025

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT